### Fred H. Ayers and Caspar. H. Dicke, for use of Caspar H. Dicke, v. W. S. Carpenter.

1. CONTRACTS—*By Subscription.*—Where the evident purpose of a subscription is the establishment of a manufacturing plant, if the plant is established and carried on according to the terms of the subscription, even though it is by only one of the parties named therein, the subscribers will be liable.

Assumpsit, on a subscription. Trial in the Circuit Court of Du Page County, on appeal from a justice of the peace; the Hon. CHARLES A. BISHOP, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

CHARLES H. LEECH and LAWRENCE P. CONOVER, attorneys for appellants.

The manufacturing plant above referred to having been established and maintained in accordance with the terms of said subscription paper, the defendant is liable to the plaintiffs for the amount of his subscription. Robertson v. March,

3 Scam. 198; Thompson v. Board, 40 Ill. 379; McClure v. Wilson, 43 Ill. 356; Miller v. Ballard, 46 Ill. 377; Hall v. City, 91 Ill. 535; Richelieu Hotel Co. v. Inter. Mil. Enc. Co., 140 Ill. 248; B. S. Green Co. v. Blodgett, 159 Ill. 169.

In order to maintain this action it was not necessary to show that both Dicke and Ayers carried out the terms of the agreement.

Where no payee is named, any one who has incurred liability on the strength of defendant's subscription, may become the payee and sue as such. McClure v. Wilson, 43 Ill. 356; Hall v. City, 91 Ill. 535.

Where certain payees are named it is not necessary that they themselves should perform the conditions of the instrument.

M. SLUSSER and H. H. GOODRICH, attorneys for appellee; GOODRICH & FISCHER, of counsel.

It is the province and duty of the court to construe the subscription paper upon which this suit is based. McAvoy v. Long, 13 Ill. 147; Alton R. R. Co. v. Northcott, 15 Ill. 49; Sigsworth v. McIntyre, 18 Ill. 126.

In construing the subscription paper it is the duty of the court to give force and effect to all the words and clauses used by the parties therein. Bowman v. Long, 89 Ill. 19; Hennessy v. Gore, 35 Ill. App. 594; Delameter v. Kearns, 35 Ill. App. 634; Packer v. Roberts, 40 Ill. App. 445.

In order to recover in this case, the appellants must show a substantial compliance with all the terms and conditions of the subscription paper upon which the action is based before they are entitled to recover. Thompson v. Board of Supervisors, 40 Ill. 379; Rockford, R. I. & St. L. R. R. Co. v. Shunick, 65 Ill. 223; Kentucky Baptist Education Soc. v. Carter, 72 Ill. 247.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a suit commenced before a justice of the peace to recover the sum of one hundred dollars, the amount subscribed by appellee for the purpose of aiding in the establishment of a manufacturing plant at Downer's Grove.

Appellant recovered a judgment before the justice, but on appeal to the Circuit Court and a trial *de novo* by a jury, the court directed a verdict for the defendant (appellee here), and after overruling a motion for a new trial, rendered judgment against appellants for costs of suit, and they appeal to this court.

The subscription paper upon which this action is based is as follows:

"Nov. 1, 1892.

"We, the undersigned, hereby agree to give to C. H. Dicke and F. H. Ayers the sums set opposite our names, to be used by them in establishing and maintaining a manufacturing plant in this village, provided that if above parties shall maintain and operate such plant for the ensuing ten (10) years, then shall they hold the following sums as their own, otherwise the same to be considered a loan to be returned by them when such plant shall cease to be operated."

It is not denied that appellee signed this paper and placed the sum of $100 opposite his name as the amount subscribed by him. It appears, from the evidence, that Ayers and Dicke had contemplated the establishment of a manufacturing plant, as mentioned in the subscription paper, but for some reason they did not go on with the enterprise jointly, although Dicke, after some delay, established a plant on his own account, which he had carried on to a greater or less extent and was still doing so when suit was brought and the case tried. The suit was brought in the names of Ayers and Dicke for the use of Dicke. Appellee contends that because the plant was to be established by Ayers and Dicke, and was only built and carried on by Dicke alone, he is not liable. We can not agree to this view. The evident purpose of the subscription was the establishment of a manufacturing plant in the village, and we think, if the plant was established and carried on according to the terms of the subscription, even though it were by only one of the parties named therein, the subscribers would be held liable. It is also insisted there was such delay in the establishment of the plant as amounted to an abandonment of the enterprise. This was a question

of fact for the jury, as was also the further question whether the plant, actually established and carried on, was such a plant as was within the contemplation of the parties when the subscription was made. Besides, there is some evidence tending to show a promise on the part of appellee to pay his subscription, after the plant was established. The weight to be given to this evidence was exclusively for the jury to determine, and it was for them to say whether or not the promises were made. If they were, then the questions as to the plant having been established by Dicke alone, and as to whether it was such an one as was contemplated by the parties, would be deemed waived by appellee, and a recovery could be had upon the new promise. On the whole we are of the opinion the court erred in taking the case from the jury.

In several respects we think the court unduly restricted the plaintiffs in their proofs, and in that respect they did not have a fair trial.

For the reasons given, the judgment will be reversed and the cause remanded.